## Kennison v. Burgess.

(Decided May 25, 1923.)

### Appeal from Boyd Circuit Court.

Brokers—Evidence Held Not to Show Owner Sold to Parties Interested by Broker.—Testimony by broker that he showed the property to John Davis, who stated he would see his brother and brother-in-law about it, without testimony that John Davis was in partnership with his brother and brother-in-law or was acting for the firm, if there was one, held not to show that a sale to the brother and brother-in-law by the owner direct was procured by the broker, so as to entitle him to a commission.

E. P. HARRIS and D. B. DAUGHERTY for appellant.

MARTIN & SMITH, FRED M. VINSON and A. J. GARRED for appellee.

OPINION OF THE COURT BY JUDGE MOORMAN—Affirming.

This action involves a claim for $3,500.00. The petition avers that appellee employed appellant to sell some timber, and agreed to pay for his services all that the timber brought over $12,500.00; that appellant contracted to sell the timber to Davis, Mynes & Davis for $16,000.00, and that appellee later consummated the sale for $15.000.00, but refused to pay appellant his commission of $3,500.00. These averments were traversed, and on the trial the jury was instructed to return a verdict for appellee. This appeal is from the judgment entered on that verdict.

The testimony relative to the contract is extremely indefinite. Appellant first said that the contract provided for the sale of the timber at $13,000.00, and that he was to receive, as his commission, $500.00. He said, however, in that connection, that he suggested to appellee that the timber might be sold for a higher price, though it does not appear that any maximum price was fixed. Further on in his testimony he stated that it was understood that he was to receive all over $12,500.00, but he again failed to

say that any maximum price was fixed. On cross-examination he admitted that when the contract was made he started to commit it to writing, but failed to do so because of the limited time he had in which to catch a train. That part of the contract that he had written was introduced in evidence, and it provided for a sale of the timber to appellant and to H. M. Breedenberg for $15,000.00. Breedenberg was the only other witness heard. His testimony tends to corroborate appellant as to the selling price of $13,000.00 and the agreement that appellant should receive $500.00 as his commission.

Conceding that the testimony referred to was sufficient to take the case to the jury as to the making of the contract, it was nevertheless necessary to appellant's cause of action that he introduce some evidence to the effect that he sold the timber to Davis, Mynes & Davis and that appellee concluded the sale to the same firm. Appellant alone testified on those points. His testimony is that John Davis looked at the timber and said: "I think I will take it, I will see my brother and brother-in-law when I get home, and arrange the terms of payment." This statement is relied on to show that there was such a firm as Davis, Mynes & Davis, and also as showing the sale of the timber to it. It is insufficient for either purpose. The record does not show that John Davis was connected in any way with Jacob Davis and James Mynes, who seem to have bought the timber from appellee. Nor does it contain anything to indicate that they were induced to make the purchase by reason of appellant's negotiations with John Davis. It does not appear, therefore, that there was such a firm as Davis, Mynes & Davis, that John Davis ever agreed to buy the timber for $16,000.00, or that he was interested in the purchase made by Jacob Davis and Mynes.

Appellant does not claim the right to recover if appellee did not sell the timber to John Davis or to Davis, Mynes & Davis. He undertook to show a sale to the latter, and to that end relies on the statement made by John Davis, which, as we have seen, does not show that such a firm existed, or that John Davis was a member of or acting for it or ever purchased the timber or acquired any interest in it. There being no evidence to sustain these material points, it was proper for the court to give the jury a peremptory instruction to find for appellee.

The judgment is affirmed.